# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

| | |
|---|---|
| **GOR INVESTMENT LIMITED,** *et al.*, )<br><br>*Plaintiffs* )<br><br>**v.** )<br><br>**STRAIFE LLC,** *et al.*, )<br><br>**Defendants** )<br> ) | **Civil Action No.: 1:25-CV-04506** |

_____)

**DECLARATION OF JOSEPH PATRICK FLEMING IN SUPPORT OF**
**DEFENDANTS JOSEPH PATRICK FLEMING'S AND STRAIFE LLC's**
**MOTION TO DISMISS THE COMPLAINT**

I, Joseph Patrick Fleming, declare as follows:

1.      My name is Joseph Patrick Fleming. I am the CEO and sole member of Straife LLC.

2.      I have lived and worked in Houston, Texas since graduating high school.  I have never lived or worked more than a few days at a time in Washington, D.C. or any other city.

3.      Straife LLC is a Texas limited liability company with its principal place of business in Houston, Texas.

4.      The Complaint alleges that Straife LLC "has maintained an office in the District since at least August 2021." Compl. ¶ 22.  That allegation is not correct.

5.      The 633 Pennsylvania Avenue NW, Washington D.C. address referenced in the Complaint is a Regus mailbox forwarding address that Straife maintains to receive mail, which is then forwarded to the Houston, Texas office or scanned and sent via email. Straife has maintained this address since 2021.

6.      Straife does not have any office space associated with the 633 Pennsylvania Ave NW address, and no Straife LLC employees perform work there.  Straife LLC does not have office space at any other address in Washington, D.C.

7.      The Complaint alleges that "[m]any senior members of Straife's team, including approximately one-third of its managing directors, advertise the District as their location on Straife's website."  Compl. ¶ 22.

8.      To the best of my knowledge, none of the five individuals identified in Paragraph 22 of the Complaint lives in Washington, D.C.  None of these individuals has a business address in Washington, D.C. associated with Straife LLC.

9.      The substantial majority of Straife LLC's work on behalf of its clients is performed outside of Washington D.C.  Neither I nor Straife LLC have derived or currently derive substantial revenue from services rendered in the District of Columbia.  Rather, Straife LLC's revenues substantially come from work performed in Houston or internationally.  Much of Straife LLC's work on behalf of its clients consists of analysis, which is generally performed where Straife LLC's employees are located, and many of Straife LLC's clients are based outside of the United States.

10.      The Complaint alleges that I am a "D.C. lobbyist," that I "regularly engage[] U.S. and foreign government officials in the District on behalf of [my] clients," and that I "maintain[] a business office in the District at Straife's location there." Compl. ¶ 23.  Each of these claims is incorrect.  I am not registered as a lobbyist in the United States and do not work as a lobbyist.  I rarely engage with U.S. or foreign government officials in Washington, D.C., and when I have had contact with government officials, particularly in the District of Columbia, it has not been as a lobbyist.  I do not maintain a business office in Washington, D.C.

11.     In support of the Complaint's allegation that I am a "D.C. lobbyist," the Complaint references a December 2019 FARA disclosure filed by Linden Government Solutions.  Compl. ¶ 23. That inference is incorrect.  I left Linden Strategies in approximately December 2019.  At the time I worked for Linden Strategies, the company did not have an office in Washington, D.C.  The contacts referenced in the December 2019 FARA disclosure were for work that I had performed as an employee of Linden Strategies prior to my departure.  Straife LLC did not yet exist at the time, as it was formed in approximately March 2020.

12.     The Complaint contains various allegations concerning Team Eagle LLC ("Team Eagle"), including with respect to a collaboration between Team Eagle and Hyperfocal Communications, LLC ("Hyperfocal"), on an engagement for the government of Pakistan.  Compl. ¶¶ 23, 107-108.

13.     While I am a member of Team Eagle's leadership, I am only an advisor on business and investment, and have no formal role with the company or ownership interest.  I have not earned any income from Team Eagle, nor have I or Straife done any work for Team Eagle in Washington, D.C.

14.     With respect to the contract discussed in paragraphs 23 and 107-108 of the Complaint, all the income for Hyperfocal's role in the engagement was earned by Hyperfocal.  I did not personally earn any income from this engagement, nor did Straife LLC.

15.      Hyperfocal does not have a physical office in Washington, D.C.  Hyperfocal has an office in Houston, in the same building as Straife LLC.   Hyperfocal, a subsidiary of Straife LLC, has engaged in lobbying activities within D.C. However, that work was performed by employees of Hyperfocal.  While I am an owner of Hyperfocal through my ownership of Straife LLC, I did not work on any Hyperfocal accounts in Washington, D.C.

16.    The Complaint alleges that Straife LLC and I were involved in the preparation of a report that the Plaintiffs allege defamed them to the Government of Uzbekistan, and that this report was prepared as part of Straife LLC's engagement by United Cement Group (UCG).  Compl. ¶ 3. Neither Straife LLC nor I performed any work on the engagement for UCG in Washington, D.C.

17.    The Complaint alleges that I was introduced to Stephen Akard, a partner at the Indiana-based law firm Bose McKinney & Evans LLP, by Craig Lebamoff, and that the Complaint describes Mr. Lebamoff as "a managing director of Straife whose website states that he is based in Washington, D.C."  Compl. ¶ 73. Mr. Lebamoff resides in Virginia, not Washington D.C., and as I stated above, neither Straife LLC nor any of its employees, including me, has a business address in Washington, D.C. associated with the company.

18.    I was not in Washington, D.C. when this introduction was made, and my understanding is that neither were Messrs. Lebamoff or Akard.  I understood that Mr. Akard was living in Indianapolis at the time, where he had moved after leaving the State Department.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 19th day of February, 2026, in _____Sofia_____, Bulgaria.


_____
Joseph Patrick Fleming

4