## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GOR INVESTMENT LIMITED, et al., | ) |
| *Plaintiffs,* | ) |
| v. | ) Civil Action No.: 1:25-CV-04506-EGS |
| STRAIFE LLC, et al., | ) |
| *Defendants.* | ) |

### STIPULATED PROTECTIVE ORDER

In the interests of (i) ensuring efficient and prompt resolution of this Action; (ii) facilitating discovery by the Parties litigating this Action; and (iii) protecting confidential information from improper disclosure or use, the Parties stipulate to the provisions set forth below. The Court, upon good cause shown and pursuant to Federal Rule of Civil Procedure 26(c)(1), ORDERS as follows:

### DEFINITIONS

As used herein:

(a)      "Action" means the above-captioned action pending in this Court, including any related discovery, pretrial, trial, post-trial, or appellate proceedings.

(b)      "Attorneys' Eyes Only" ("AEO") means Confidential Discovery Material that, in the good faith and reasonable belief of the Producing Party, contains (1) highly sensitive and non-public commercial or proprietary information, including but not limited to: trade secrets; client, customer or prospect lists and identities; billing, pricing, revenue and profit records relating to specific clients or customers; contracts with third-party clients or customers; sensitive work-product or other documents reflecting the subject-matter of engagements with third-party clients

or customers; highly sensitive financial information; information that the Producing Party reasonably and in good faith believes to be subject to an obligation of confidentiality owed by the Producing Party to a third party; and such other documents or information, the disclosure of which the Producing Party reasonably believes would create a substantial risk of significant competitive or commercial harm to the Producing Party, including harm to the Producing Party's relationships with third parties; or (2) sensitive personal information, the disclosure of which the Producing Party reasonably believes would subject it to a substantial risk of significant reputational harm.

(c)      "Confidential" means any nonpublic business, commercial, financial, or personal information, or any document, transcript, or other material containing such information that has not been published or otherwise made publicly available.

(d)      "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(e)      "Discovery Material" means information of any kind provided in the course of discovery in this Action, including documents, ESI, interrogatory responses, admissions, deposition testimony, and exhibits.

(f)      "Document" means any document or electronically stored information, as the term is used in Federal Rule of Civil Procedure 34(a).

(g)      "ESI" means electronically stored information, or information that is created, stored, or maintained in electronic form, regardless of the medium or device on which it is stored, as the term is used in Federal Rule of Civil Procedure 34(a).  ESI includes, but is not limited to: emails, email attachments, text messages, instant messages, chat data, word processing documents, spreadsheets, presentations, databases, calendars, audio files, video files, images, social media content, and data maintained in cloud-based or networked systems.

(h)        "Inadvertently Disclosed Information" means Discovery Material produced or disclosed in this Action that the Producing Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, and that was produced or disclosed inadvertently, including despite the Producing Party's reasonable steps to prevent such disclosure.

(i)        "Party" means any Plaintiff or any Defendant in this Action. "Parties" means collectively Plaintiffs and Defendants in this Action.

(j)        "Person" means any natural person, corporate entity, partnership, association, joint venture, governmental entity, or trust.

(k)        "Producing Party" means any Party or non-party that produces Discovery Material.

(l)        "Protected Information" means any Discovery Material designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order.

(m)        "Receiving Party" means any Party that receives Discovery Material.

## <u>ORDER</u>

1.        This Order applies to all Discovery Material produced or exchanged in this Action and, unless modified by the Court, shall continue to govern such Discovery Material throughout the pendency of the Action. This Order is without prejudice to the right of any Party to seek further or additional protection of any Discovery Material, to modify this Order in any way, or to seek an order that certain matter not be produced at all.

2.        Entering into, complying with, or seeking enforcement of this Order, producing or receiving Discovery Material, or otherwise participating in discovery under this Order shall not constitute and shall not be argued as (a) a waiver of, (b) consent to, or (c) submission to the Court's personal jurisdiction, or a waiver of any objection or defense under Federal Rule of Civil Procedure

12(b)(2), or any other applicable rule. All such objections and defenses are expressly reserved.

3.     Any Person subject to this Order who receives from any other Person any "Discovery Material" that is designated as Protected Information shall not disclose such Protected Information to anyone else except as expressly permitted hereunder. Nothing in this Order shall restrict in any way a Producing Party's use or disclosure of its own Protected Information.

4.     The Person producing Discovery Material may designate as "Confidential" any portion qualifying under the definition. Where the confidential portion of the Discovery Material is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

5.     The Producing Party may further designate as "Attorneys' Eyes Only" any Confidential Discovery Material, or any portion thereof, qualifying under the definition.

6.     The following Discovery Material is not Protected Information:

   a.   Any Discovery Material that is or, after its disclosure to a Receiving Party becomes, publicly known as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such material;

   b.   Any Discovery Material that the Receiving Party can show was already publicly known prior to the disclosure;

   c.   Any Discovery Material that the Receiving Party can show by written records was received by it from an alternate source that obtained the material lawfully and under no obligation of confidentiality to the Producing Party;

   d.   Any Discovery Material that was previously produced, disclosed and/or provided by the Producing Party to the Receiving Party or a non-party without an obligation of confidentiality and not by inadvertence or mistake; and

   e.   Any Discovery Material that a Court has determined pursuant to Paragraph 14 is not Protected Information.

7.     With respect to the confidential portion of any Discovery Material other than

deposition transcripts and exhibits, the Producing Party or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" or "Attorneys' Eyes Only" either on the record during the deposition or in writing within twenty-one (21) days of receipt of the final transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. Deposition transcripts shall be treated by default as "Attorneys' Eyes Only" until the expiration of the time to make a confidentiality designation unless otherwise agreed to by the Parties. If the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of: "This videotape may contain confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the Parties."

8.    If at any time prior to the trial of this Action, a Producing Party realizes that some portion of Discovery Material that the person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the Producing Party may so designate that portion by notifying all Parties in writing within a reasonable time of detection by the Producing Party. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order. In addition, the Producing Party shall provide the Receiving Party with replacement versions of such Discovery Material that bear the "Confidential" or "Attorneys' Eyes Only" designation within three (3) business days of

providing such notice.  Disclosure of such Discovery Material to persons not authorized to receive that material prior to receipt of the confidentiality designation shall not be deemed a violation of this Order.  However, in the event the material has been distributed in a manner inconsistent with the categorical designation, the Receiving Party will take the steps necessary to conform distribution to the categorical designation, i.e., by retrieving all copies of the Discovery Material, or notes or extracts thereof, in the possession of the persons not authorized under this Order to possess such Discovery Material and advising the person to whom disclosure was made that the material is confidential and must be treated as provided in the Order.

9.      No person subject to this Order, other than the Producing Party, shall disclose any "Confidential" Discovery Material to any person other than the following:

   a.  The officers, directors, agents, and employees (including in-house counsel and supporting personnel employed by the legal department) of the Parties deemed necessary to aid counsel in the conduct of the Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

   b.  Outside counsel retained by the Parties specifically for this Action, including any paralegal, clerical or other assistant or support staff employed by such counsel and assigned to work on this Action;

   c.  As to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   d.  In connection with their depositions or trial testimony, any fact witness to whom counsel for a Party in good faith believes disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

   e.  Any person retained by a Party to serve as an expert witness, translator/interpreter, or consultant or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

   f.  Stenographers and video technicians engaged to transcribe or record depositions conducted in this Action;

   g.  Independent photocopying, graphic production services, or other litigation

6

support services employed by the Parties or their counsel to assist in this Action;

h.  The Court and its staff;

i.  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

j.  Any other person whom the Producing Party, or other Party designating the Discovery Material as Confidential, agrees in writing may have access to such Confidential Discovery Material.

10.  No person subject to this Order, other than the Producing Party, shall disclose any "Attorneys' Eyes Only" Discovery Material to any person other than the following:

a.  Outside counsel retained by the Parties specifically for this Action, including any paralegal, clerical or other assistant or support staff employed by such counsel and assigned to work on this Action;

b.  As to any document, its author, its addressee, any other person shown on the face of the document as having received a copy, and any individual within the employ of the Producing Party;

c.  Any person retained by a Party to serve as an expert witness, translator/interpreter, or consultant or otherwise provide specialized advice to counsel in connection with this Action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

d.  Stenographers and video technicians engaged to transcribe or record depositions conducted in this Action;

e.  Independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this Action;

f.  The Court and its staff;

g.  Any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

h.  Any other person whom the Producing Party, or other Party designating the Discovery Material as Attorneys' Eyes Only, agrees in writing may have access to such Attorneys' Eyes Only Discovery Material.

11.  Prior to the disclosure of any Confidential Discovery Material to any person

7

referred to in subparagraphs 9(d) or 9(e) above, or any Attorneys' Eyes Only Discovery Material to any person referred to in subparagraph 10(c) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that the person has read this Order and agrees to be bound by its terms.

12.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at deposition and trial and may testify concerning all Protected Information of which such person has prior personal knowledge.  Without in any way limiting the generality of the foregoing:

    a.  A present director, officer, and/or employee of a Producing Party may be examined and may testify concerning all Protected Information that has been produced by that Party;

    b.  A former director, officer, agent and/or employee of a Producing Party may be examined and may testify concerning all Protected Information of which he or she has personal knowledge, including any Protected Information that refers to matters of which the witness has personal knowledge, that has been produced by that Party and that pertains to the period or periods of his or her employment or agency;

    c.  Non-parties may be examined or testify concerning any Protected Information of a Producing Party that appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the Producing Party or a representative of the Producing Party; and

    d.  With respect to depositions, any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination or testimony concerning such Protected Information, unless the Producing Party consents to persons other than qualified recipients being present for the examination or testimony.  If the witness is represented at deposition by an attorney who is not qualified under this Order to receive such Protected Information, then prior to the start of the deposition, the attorney must provide a Non-Disclosure Agreement, in the form annexed hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the deposition.  In the event that such attorney declines to sign such a statement prior to the deposition, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing

8

Protected Information.

13.     Except as required by law, Protected Information shall be used solely for the purpose of preparing for, and conducting, the prosecution or defense of this Action, including any appeals thereof, and shall not be used by the Parties or any other person for any commercial, business, competitive, or other purpose.  Absent consent from a Producing Party, which shall be given solely in that Producing Party's discretion, no Protected Information produced by such Producing Party may be used in connection with any other litigation, matter, or proceeding.

14.     Any person who either objects to any designation of confidentiality or who, by contrast, requests further limits on disclosure, may at any time prior to trial of this Action, serve upon the designating person and all other Parties a written notice stating with particularity the grounds of the objection or request.  The Producing Party shall respond within ten (10) business days.  If not resolved, the challenging Party or person may file a motion identifying the challenged material and setting forth the basis for the challenge, accompanied by a declaration confirming compliance with the meet and confer requirement.  Pending resolution, the Discovery Material retains its designation.

15.     Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Information in court or in any court filing so long as appropriate actions are taken to protect any Protected Information's confidentiality, such as filing the Protected Information under seal. If a Party intends to include Protected Information in any pleading, motion, exhibit, or other paper to be filed with the Court, absent statutory authority, the filing Party must seek and obtain a Court order to file such material under seal in accordance with Local Civil Rule 5.1(h).

16.     Each person who has access to Protected Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. In the event of a disclosure of any Protected Information pursuant to this Order to any person or persons not authorized to

receive such disclosure under this Protective Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the Producing Party whose Protected Information has been disclosed and provide to such counsel all known relevant information concerning the nature and circumstances of the disclosure. The responsible disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed Protected Information and to ensure that no further or greater unauthorized disclosure and/or use thereof is made. Unauthorized or inadvertent disclosure does not change the status of Protected Information or waive the right to hold the disclosed document or information as Confidential or Attorneys' Eyes Only.

17.    If, in connection with this Action, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a Producing Party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection, such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

18.    If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within ten (10) business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.  Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

19.    If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not

10

assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party to request an *in camera* review of the Inadvertently Disclosed Information.

20.    The production of privileged or work-product protected documents, information, or ESI, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

21.    Where a Producing Party produces electronic files and documents in native electronic format, such electronic files and documents shall be designated by the Producing Party for protection under this Order by appending to the file names or designators information indicating whether the file contains Confidential or Attorneys' Eyes Only Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by making such designations in reasonably accessible metadata associated with the files. Where Confidential Information is produced in electronic format on a disk or other medium that contains exclusively Confidential Information, the "CONFIDENTIAL" designation may be placed on the disk or other medium. Likewise, where Attorneys' Eyes Only Information is produced in electronic format on a disk or other medium that contains exclusively Attorneys' Eyes Only Information, the "ATTORNEYS' EYES ONLY" designation may be placed on the disk or other medium. When electronic files or documents in native form are printed for use at deposition, in a court proceeding, or for provision in printed form to any person described in subparagraph 10(c), the Party printing the electronic files or documents shall affix a legend to the printed document saying "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and include the

production number and designation associated with the native file.

22.    Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

23.    If at any time documents containing Protected Information produced in this Action are subpoenaed, ordered to be produced by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the Party or person to whom the subpoena or other request is directed shall give written notice thereof within five (5) business days to every Party or non-party who has produced such documents and to its counsel, and shall provide each such Party or non-party with an opportunity to object to the production of such documents.  If a Producing Party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the Party or person to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with the terms of this Order.  The person to whom the subpoena or other request is directed shall also give written notice to the person who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is the subject of this Order.

24.    Use of Artificial Intelligence ("AI") Tools: The Parties agree that they may utilize Generative AI Tools in connection with the review, analysis, and management of Discovery Material in this Action, subject to the restrictions in this Order and consistent with the Parties' consent to such use.  A Party, including its outside counsel, may upload Protected Information, or input information derived from Protected Information, to a Closed Generative AI Tool (for example, a Generative AI tool that the Party owns or licenses or is otherwise not available to the

general public) only to the extent that: (1) the Generative AI Tool is operated in a manner that maintains the confidentiality of Protected Information in accordance with this Order and any ESI protocol or order entered in this Action; (2) the Generative AI Tool and any associated service provider shall not use, access, disclose, or retain Protected Information for any purpose other than providing the contracted services to the Party or its counsel in connection with this Action; (3) the Generative AI Tool shall not use Protected Information to train or improve models or for any purpose unrelated to this Action; (4) use of the Generative AI Tool shall not result in the disclosure of Protected Information to any Person not otherwise authorized to receive such Protected Information under this Order; and (5) the Generative AI Tool is capable of purging, deleting, and/or destroying any Protected Information uploaded or input into the tool.  Uploading Protected Information or inputting information derived from Protected Information to a Closed Generative AI Tool that is not compliant with the requirements set forth above constitutes an unauthorized disclosure under this Order.  Uploading Protected Information or inputting information derived from Protected Information to any open Generative AI Tool that is available to the public (e.g., the non-enterprise version of ChatGPT), or any substantially similar tool, constitutes an unauthorized disclosure under this Order.

25.     Nothing in this Protective Order shall be construed to change the burdens of proof or legal standards applicable in disputes regarding whether particular Discovery Material is confidential, which level of confidentiality designation is appropriate, whether disclosure should be restricted, and if so, what restrictions should apply.

26.     Upon written request made within thirty (30) days after the entry of a final non-appealable judgment or order, or the expiration of the deadline for any Party to appeal any final judgment or order, or the complete settlement of all claims asserted against all parties in this

13

Action, each Party shall have thirty (30) days to either (a) promptly return to counsel for each Producing Party all Protected Information and all copies, (b) agree with counsel for the Producing Party upon appropriate methods and certification of destruction or other disposition of such materials, excluding backup data from any destruction requirement, or (c) as to any Protected Information not addressed by subparagraphs (a) and (b), file a motion seeking a Court order regarding proper preservation of such Protected Information.

27.     Notwithstanding the foregoing, outside litigation counsel of record shall be entitled to maintain their attorney work product that refers to or is related to any Protected Information for archival purposes only.  Outside litigation counsel of record shall be entitled to maintain an electronic copy of all pleadings filed with the Court.

28.     During the pendency of this Action, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt hereof.

SO ORDERED on the _____ day of May, 2026.

_____
Hon. Emmet G. Sullivan
United States District Judge

14

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| GOR INVESTMENT LIMITED, et al., | ) ) ) | |
| *Plaintiffs,* | ) ) | |
| v. | ) ) | Civil Action No.: 1:25-CV-04506-EGS |
| STRAIFE LLC, et al., | ) ) ) | |
| *Defendants.* | ) ) ) ) | |

**<u>NON-DISCLOSURE AGREEMENT</u>**

I, _____, acknowledge that I have read and understand the

Protective Order in this action governing the non-disclosure of those portions of Discovery

Material that have been designated as Confidential or Attorneys' Eyes Only.  I agree that I will not

disclose such Confidential or Attorneys' Eyes Only Discovery Material to anyone other than for

purposes of this litigation, and in compliance with the terms of the Protective Order, and that at

the conclusion of the litigation I will return all Confidential and Attorneys' Eyes Only Discovery

Material to the Party or attorney from whom I received it.  By acknowledging these obligations

under the Protective Order, I understand that I am submitting myself to the jurisdiction of the

United States District Court for the District of Columbia for the purposes of any issue or dispute

arising hereunder and that my willful violation of any term of the Protective Order could subject

me to punishment for contempt of Court.

Dated: _____

_____

15