**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GOR INVESTMENT LIMITED, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> STRAIFE LLC, *et al.*, <br><br> Defendants. | Case No. 25-cv-4506-EGS-MJS |

## <u>MEMORANDUM ORDER</u>

Plaintiffs Gor Investment Limited and Ovik Mkrtchyan move to compel production of documents responsive to a Rule 45 subpoena they issued to third party OmniStrat Group, LLC ("OmniStrat"). Plaintiffs served the subpoena on OmniStrat's registered agent with a production deadline of more than three weeks later. But that deadline came and went with no response from OmniStrat, whether substantive or in the form of objections. After the deadline, Plaintiffs' counsel tried to contact OmniStrat and managed to communicate several times with counsel claiming to represent OmniStrat, who assured Plaintiffs that OmniStrat was assessing responsive documents and that a production was forthcoming. Those assurances never materialized, though. And for the last month, OmniStrat and its counsel have gone dark. To this point, as Plaintiffs describe things, "OmniStrat has not served objections, produced a single document, provided a privilege log, moved to quash or modify the [s]ubpoena, sought or obtained an extension to do any of the foregoing, or otherwise responded substantively." (ECF No. 35-1 at 14.) So, Plaintiffs now turn to the Court for assistance. They seek a ruling that would compel OmniStrat to produce responsive documents specified by the subpoena. For the reasons below, the Court **GRANTS** the motion.

**BACKGROUND**

Plaintiff Ovik Mkrtchyan is an entrepreneur who owns businesses in the United Kingdom, Switzerland, Latvia, and Uzbekistan. (ECF No. 25 ("Am. Compl.") ¶ 42.) One of these businesses is Plaintiff Gor Investment Limited ("Gor"), a U.K.-based company. (*Id.* ¶ 12.) Plaintiffs bring this lawsuit against three defendants: Straife, LLC, a Texas-based company; its owner, Joseph Fleming; and Stephen Payne, a lobbyist and founder of Team Eagle Consulting, LLC. (*Id.* ¶¶ 14–16, 132.) According to Plaintiffs, Defendants Straife and Fleming previously served "as risk management consultants for Gor," and Payne "was a longtime business associate of [Plaintiffs]." (*Id.* at ¶¶ 56, 146.) But beginning in 2023, things reportedly changed. Plaintiffs allege that "Defendants sent and directed false communications [about Plaintiffs] to Uzbekistan's Ambassador and Embassy and participated in a media campaign to bolster those same allegations." (ECF No. 35-1 at 17 (citing Am. Compl. ¶¶ 1, 7–9, 48–50, 60–61, 83–129, 165–80).) Relevant here, Plaintiffs contend that OmniStrat and its managing member, Eugene Gourevitch, "publicly identified themselves as involved in the same effort." (*See id.*) Defendant Payne answered the amended complaint (ECF No. 29), while the other defendants—Straife and Fleming—moved to dismiss under Rules 12(b)(2) and 12(b)(6), arguing lack of personal jurisdiction and failure to state a claim (ECF No. 30).

In their surrounding meet-and-confer discussions, the parties agreed to the idea of some early discovery—seemingly focused on jurisdictional issues—although the precise contours of the parties' agreement on scope (to the extent one was ever reached) are not clearly reflected in any of their filings. (ECF No. 28 at 6–8, 12; ECF No. 32 ¶ 6; ECF No. 38 ¶¶ 4–6.) On March 24, 2026, Plaintiffs served OmniStrat with the subpoena at issue here, calling for production of nine categories of documents by April 15, 2026—about three weeks later. (*See* ECF No. 35-3.) OmniStrat failed to serve any objections, and OmniStrat otherwise failed to serve any response or

responsive documents to Plaintiffs. In the latter half of April, Plaintiffs' counsel tried to contact OmniStrat about compliance. (ECF No. 35-1 at 14.) The next day, a lawyer reportedly representing OmniStrat reached out to Plaintiffs' counsel to schedule a call, but that call never took place. (*Id.*) Instead, after a few days, a different lawyer claiming to represent OmniStrat called Plaintiffs' counsel to advise that they had been retained in connection with the subpoena and to assure Plaintiffs that a production would be forthcoming. (*Id.*) About a week later, that same lawyer advised Plaintiffs that OmniStrat was working through search terms to identify responsive documents. (*Id.*) About a week after that, Plaintiffs' counsel reached out to request another update. (*Id.*) In response, the second OmniStrat lawyer shared that OmniStrat's original counsel was apparently handling the matter once again. (*Id.*) So, Plaintiffs' counsel emailed both counsel—the original lawyer and the second one—asking for "a prompt status update," requesting a date by which OmniStrat would produce documents, and "advis[ing] that Plaintiffs would seek Court intervention absent a prompt response." (*Id.*) To date, more than a full month has passed, but Plaintiffs never received any response from either counsel (or otherwise from OmniStrat). (*Id.*)

Plaintiffs then proceeded to file this motion to compel on May 16, 2026. (ECF No. 35.) The accompanying proof of service reflects that Plaintiffs served the motion on OmniStrat— through its registered agent—as well as both OmniStrat-affiliated lawyers with whom they previously communicated about the subpoena. (ECF Nos. 36, 36-1.) OmniStrat did not file any opposition or response to the motion. (ECF No. 37.) Judge Emmet Sullivan recently referred this matter to the undersigned for purposes of discovery. (Min. Order, June 3, 2026.)

## ANALYSIS

Federal Rule of Civil Procedure 45 governs third-party subpoenas. Foundationally, "Rule 45 subpoenas may only be used to [pursue] information that is discoverable under Rule 26."

*Pishevar v. Fusion GPS*, 2025 WL 885115, at *3 (D.D.C. Mar. 21, 2025) (quoting *Breiterman v. U.S. Capitol Police*, 323 F.R.D. 36, 42 (D.D.C. 2017)). "Rule 26 contemplates liberal discovery, encompassing 'any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Jiang v. NVIDIA Corp.*, 2026 WL 962496, at *2 (D.D.C. Apr. 9, 2026) (quoting Fed. R. Civ. P. 26(b)(1)). A third party that receives a Rule 45 subpoena to produce documents may seek judicial protection from compliance by serving timely objections, *see* Fed. R. Civ. P. 45(d)(2)(B), or by filing a motion to quash or modify the subpoena, *see* Fed. R. Civ. P. 45(d)(3). "[C]ourts are empowered to quash subpoenas that would, among other things, require 'disclosure of privileged or other protected matter' (absent an exception or waiver) or 'subject[] a person to undue burden.'" *Jiang*, 2026 WL 962496, at *2 (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv)). But a "party resisting a subpoena bears a 'heavy burden' to quash it." *Id.* (quoting *Irons v. Karceski*, 74 F.3d 1262, 1264 (D.C. Cir. 1995)). On the other side of the coin, the "court from which [the] subpoena issue[d] … has the power to compel the production of documents[.]" *In re Denture Cream Prods. Liab. Litig.*, 292 F.R.D. 120, 123 (D.D.C. 2013).

On the facts presented here, Plaintiffs have shown that the Court should issue an order compelling compliance with the subpoena. For starters, Plaintiffs' filings reflect that they properly served the subpoena on OmniStrat through its registered agent. (ECF No. 35-2.)[1] And the subpoena allowed more than three weeks for OmniStrat to respond—a facially "reasonable time to comply," Fed. R. Civ. P. 45(d)(3)(A)(i)—specifying a return date of April 15, 2026. (ECF No. 35-3.) OmniStrat failed to provide any sort of response by that deadline, and neither did it timely serve

---

[1] By that time, Plaintiffs advise, the parties had already met and conferred under Rule 26(f). (*See* ECF No. 35-1 at 13 n.4.) So, it was proper for Plaintiffs to pursue discovery, including from third-party sources like OmniStrat. *See* Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

any objections. *See* Fed. R. Civ. P. 45(d)(2)(B) (allowing a party served with a subpoena for documents to serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served"). On this basis alone, the Court could hold that OmniStrat waived any objections to the subpoena. *See, e.g.*, *In re Denture Cream*, 292 F.R.D. at 124 ("The failure to serve written objections to a subpoena within the time frame specified … typically constitutes a waiver of such objections.") (quoting *Alexander v. FBI*, 186 F.R.D. 21, 34 (D.D.C. 1998)); *In re Cooke Legal Grp., PLLC*, 333 F.R.D. 291, 295 (D.D.C. 2019) (similar); *In re Chodiev*, 2020 WL 9439389, at *5 (D.D.C. Aug. 11, 2020) (similar).

More than that, OmniStrat failed to timely oppose or otherwise respond to Plaintiffs' motion to compel, which was filed more than three weeks ago now. Through its inaction, OmniStrat risked conceding Plaintiffs' requested relief. *See* LCvR 7(b) (requiring an opposition brief to be filed within 14 days after service of the motion and cautioning that "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded"); *Robinson v. Ergo Solutions, LLC*, 4 F. Supp. 3d 181, 187 (D.D.C. 2014) ("[Local Rule 7(b)] is not some obscure technicality; it is regularly enforced in this district.").[2] Viewed holistically, then, OmniStrat essentially forfeited twice over any objections it might have asserted in resisting the subpoena, whether in whole or in part. *Cf. Bennett v. Galer*, 2023 WL 7109620, at *1–2 (M.D. Fla. Oct. 27, 2023) (granting Rule 45 motion to compel in similar context).

Further, even setting aside questions of waiver or concession, the Court independently reviewed the contours of Plaintiffs' subpoena and agrees that the information requested appears relevant and not obviously overbroad or otherwise inappropriate. The document requests are

---

[2] Plaintiffs served their motion to compel on OmniStrat—again, through its registered agent—as well as on the two different lawyers who separately advised Plaintiffs' counsel, at different junctures, that they represented OmniStrat in connection with the subpoena. (*See* ECF Nos. 36, 36-1.)

reasonably focused on OmniStrat's potential involvement with the allegedly defamatory and tortious conduct that gives rise to Plaintiffs' claims in the case. The requests also appear relatively focused, at least in material part, on jurisdictional discovery that Plaintiffs believe may be helpful in responding to Defendants' motion to dismiss under Rule 12(b)(2). *See Lopes v. Jetsetdc, LLC*, 4 F. Supp. 3d 238, 242 (D.D.C. 2014) ("Plaintiff[s] must have 'ample opportunity to secure and present evidence relevant to the existence of jurisdiction.'") (quoting *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 40 (D.C. Cir. 2000)). And as to overall breadth and scope, the subpoena cabins the responsive period from January 1, 2023 forward—a relatively limited timeframe to encompass a relatively modest scope of materials. (*See* ECF No. 35-1 at 13, 17–25.)

In other words, the Court's own assessment of the subpoena and its scope—albeit with a somewhat limited sightline, given OmniStrat's decision to cease engaging on the subpoena and to instead sit on the sidelines—reveals that Plaintiffs are seeking information from OmniStrat that appears generally discoverable under Rule 26. The Court is certainly not prepared to conclude otherwise in the absence of any effort by OmniStrat to argue for a different result.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' motion to compel (ECF No. 35). OmniStrat shall produce to Plaintiffs documents responsive to the subpoena **within fourteen (14) days of this Order**. The Court expressly cautions that if OmniStrat fails to comply, it risks sanctions, including possible contempt. *See* Fed. R. Civ. P. 45(g) ("The court for the district where compliance is required … may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."); *Food Lion, Inc. v. United Food & Com. Workers Int'l Union*, 103 F.3d 1007, 1020 (D.C. Cir. 1997) (affirming contempt where nonparty failed to produce documents after court order compelling compliance with subpoena).

Plaintiffs are **ORDERED** to serve a copy of this Order on OmniStrat, both through its registered agent and through the lawyers who previously advised Plaintiffs that they were representing OmniStrat in connection with the subpoena and related matters.

**SO ORDERED.**

Dated: June 10, 2026

MATTHEW J. SHARBAUGH
United States Magistrate Judge