**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

GOR INVESTMENT LIMITED, *et al.*,

                       *Plaintiffs*,

      v.

STRAIFE LLC, *et al.*,

                       *Defendants*.

Case No. 1:25-CV-04506-EGS-MJS

**PLAINTIFFS' MOTION FOR CONTEMPT AGAINST OMNISTRAT GROUP LLC
AND EUGENE GOUREVITCH, AND REQUEST FOR EXPEDITED CONSIDERATION**

Plaintiffs Gor Investment Limited and Ovik Mkrtchyan move the Court to hold OmniStrat Group LLC ("OmniStrat") and its co-founder, president, and managing member Eugene Gourevitch in contempt for failing to comply with the Court's June 10, 2026, Memorandum Order (ECF No. 39) (the "Order") compelling OmniStrat to produce all documents responsive to Plaintiffs' subpoena.

On March 24, 2026, Plaintiffs served OmniStrat with a subpoena to produce documents. ECF No. 35-2. OmniStrat did not serve objections by the April 7 deadline to do so, did not move to quash or modify the subpoena, did not seek an extension, and did not produce any documents by the April 15 production deadline.

On May 16, after attempts to gain compliance without court intervention, Plaintiffs filed a motion to compel. ECF No. 35. OmniStrat did not oppose or otherwise respond to that motion. *See* ECF No. 37. On June 10, the Court granted Plaintiffs' motion, ruled that OmniStrat's objections were waived, and ordered OmniStrat to produce all documents responsive to the subpoena by June 24. ECF No. 39. The Court also "expressly caution[ed] that if OmniStrat fails to comply [with the Order], it risks sanctions, including possible contempt." *Id.* at 6.

OmniStrat did not comply by the Court-ordered deadline. Instead, two days later, OmniStrat served a deficient production (consisting of about 20 documents) and belated, long-waived objections. It is now more than two weeks after the Court's deadline, yet OmniStrat's subsequent correspondence confirms that it still has not produced all responsive documents, has not searched all relevant custodians and sources, and has not withdrawn its belated objections. Moreover, Gourevitch – OmniStrat's co-founder, president, and managing member – is a key participant in the underlying facts who, through his counsel, has notice of the subpoena, the Order, and OmniStrat's non-compliance, yet has not caused OmniStrat to obey the Court's Order.

For the reasons set forth in the accompanying Memorandum of Law, Plaintiffs respectfully request that the Court hold OmniStrat and Gourevitch in conditional contempt and impose a daily fine until OmniStrat fully complies with Plaintiffs' subpoena and the Court's Order; award Plaintiffs their reasonable attorneys' fees and costs incurred in enforcing the subpoena and the Order; and grant such other relief as the Court deems just and proper.

Further, Plaintiffs respectfully request that the Court consider this motion on an expedited timetable, as Plaintiffs intend to use documents produced by OmniStrat in part to oppose the jurisdictional arguments in the Straife Defendants' motion to dismiss. That opposition is due September 15, 2026.

Dated: July 10, 2026

Respectfully submitted,

/s/ Ryan P. Hartman
John B. Bellinger III (D.C. Bar No. 405059)
Ryan P. Hartman (D.C. Bar No. 974807)
Sally L. Pei (D.C. Bar No. 1030194)
Volodymyr Ponomarov (D.C. Bar No. 90003758)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Avenue, NW
Washington, D.C. 20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5999
John.Bellinger@arnoldporter.com
Ryan.Hartman@arnoldporter.com
Sally.Pei@arnoldporter.com
Volodymyr.Ponomarov@arnoldporter.com

*Counsel for Plaintiffs*

**CERTIFICATE OF CONFERENCE**

I hereby certify that I attempted to confer with counsel for OmniStrat and Gourevitch regarding the matters raised in this motion, but we were unable to reach resolution.

/s/ Ryan P. Hartman
Ryan P. Hartman

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the foregoing to be filed through the CM/ECF system on July 10, 2026, which will notify all counsel of record, and that I will cause a copy to be served on non-parties OmniStrat and Gourevitch by serving their counsel via email.

/s/ Ryan P. Hartman
Ryan P. Hartman

3