**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| GOR INVESTMENT LIMITED, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-4506-EGS-MJS |
| | ) | |
| STRAIFE LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NON-PARTY OMNISTRAT GROUP LLC'S MEMORANDUM IN**
**OPPOSITION TO PLAINTIFFS' MOTION FOR CONTEMPT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………………………………………………… ii

INDEX OF EXHIBITS……………………………………………………… iv

INTRODUCTION…………………………………………………………… 1

BACKGROUND…………………………………………………………...3

    I.      The Lawsuit………………………………………………………... 3

    II.     OmniStrat……………………………………………………….. 3

    III.    The Issuance of the OmniStrat Subpoena……………………………….. 4

    IV.    OmniStrat Retains Counsel…………………………………………… 5

    V.     Plaintiffs Move to Compel a Response to the OmniStrat Subpoena………… 5

    VI.    OmniStrat Makes a Partial Production, Plaintiffs Move for Contempt and Refuse All Extension Requests……………………………………… 6

    VII.   Plaintiffs Subpoena Gourevitch………………………………………... 7

    VIII.  OmniStrat Retains the Undersigned Counsel………………………… 8

LEGAL STANDARD………………………………………………………… 9

ARGUMENT………………………………………………………………... 10

    I.      OmniStrat Should Not Be Held In Contempt for the Actions of Its Prior Counsel………………………………………………………………… 10

        A.    *OmniStrat's Most Grievous Fault Was Its Selection of Prior Counsel…………………………………………………………* 10

        B.    *OmniStrat Has Substantially Complied With Its Obligations in Response to the OmniStrat Subpoena……………………………..* 12

    II.    OmniStrat Should Not Be Held in Contempt for Not Producing Gourevitch's Personal Records, Which Are the Subject of Another Subpoena………….. 13

        A.    *Gourevitch's Personal Records Are Not in OmniStrat's Possession, Custody or Control……………………………………………...* 13

        B.    *The June 10, 2026 Memorandum Order Does Not Clearly and*

*Unambiguously Order Production of Gourevitch's Personal Records*…………………………………………………………. **14**

C.  *Plaintiffs Cannot Circumvent Gourevitch's Objections to the Gourevitch Subpoena by Seeking the Same Exact Documents Through the OmniStrat Subpoena*…………………………………………………… **15**

**CONCLUSION**…………………………………………………………………... **16**

## TABLE OF AUTHORITIES

**CASES**

*Broderick v. Donaldson*,
437 F.3d 1226 (D.C. Cir. 2006)………………………………………………….. 10, 14

*Chen v. F.B.I.*,
721 F. Supp. 3d 1 (D.D.C. 2024)……………………………………………….. 14

*Ctr. for Nuclear Responsibility, Inc. v. U.S. Nuclear Reg. Comm'n*,
781 F.2d 935 (D.C. Cir. 1986)…………………………………………………..… 11

*Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*,
103 F.3d 1007 (D.C. Cir. 1997)……………………………………………….. 2, 9

*Gucci Am., Inc. v. Weixing Li*,
768 F.3d 122 (2d Cir. 2014)…………………………………………………. 14

*In re Barnwell Enters. Ltd.*,
265 F. Supp. 3d 1 (D.D.C. 2017)……………………………………………….. 13

*Jackson v. Wash. Monthly Co.*,
569 F.2d 119 (D.C. Cir. 1977)………………………………………………... 10

*Morgan v. Barry*,
596 F. Supp. 897 (D.D.C. 1984)………………………………………………. 2, 9

*Shea v. Donohoe Constr. Co.*,
795 F.2d 1071 (D.C. Cir. 1986)……………………………………………… 10

*Teltschik v. Williams & Jensen, PLLC*,
683 F. Supp. 2d 33 (D.D.C. 2010)…………………………………………… 11

*Univ. of Colo. Health at Mem. Hosp. v. Becerra*,
531 F. Supp. 3d 10 (D.D.C. 2021)…………………………………………… 2, 10

*Walker v. Ctr. for Food Safety*,
667 F. Supp. 2d 133 (D.D.C. 2009)………………………………………… 13

**RULES**

Fed. R. Civ. P. 26………………………………………………………….. 15

Fed. R. Civ. P. 45………………………………………………………... 4, 9, 10

## INDEX OF EXHIBITS

**Exhibit A** — Section 8 Notice Pursuant to Stipulated Protective Order dated July 31, 2026

**Exhibit B** — Subpoena to Eugene Gourevitch, dated June 12, 2026 (the "Gourevitch Subpoena")

**Exhibit C** — Declaration of Alexandra Kitrin

**Exhibit D** — OmniStrat's Privilege Log dated July 31, 2026

**INTRODUCTION**

OmniStrat does not dispute that its response to the OmniStrat Subpoena has been completely mishandled.  However, contempt against OmniStrat is not a proper sanction. OmniStrat retained counsel (Hector Hernandez ("Hernandez")) before the production deadline. Hernandez did nothing until a week after the deadline, when he delegated the matter to another lawyer (Richard Preston ("Preston")).  Preston initially referred to OmniStrat as his "client," then said another attorney was handling the matter, then claimed he was "not personally representing OmniStrat," only to thereafter substantively engage Plaintiffs' counsel and OmniStrat in relation to the OmniStrat Subpoena.  When Plaintiffs initially moved to compel, OmniStrat wanted to file a response.  Its counsel never did so.  When the Court ordered OmniStrat to produce documents by a date certain, OmniStrat actually provided the documents to its counsel prior to that deadline but the documents were not timely produced (nor was a request for extension timely requested). The 26-document production OmniStrat was initially advised to make was plainly deficient.  To add insult to injury, neither Preston nor Hernandez made any effort to ensure that the 26 confidential business records were appropriately protected from public disclosure.  And, a privilege log prepared by Preston or Hernandez was facially flawed.

Upon retaining the undersigned on Monday, July 27, 2026, OmniStrat has taken immediate corrective action.  It is now in substantial compliance with the OmniStrat Subpoena.  OmniStrat has conducted targeted searches of all of its communications accounts and custodians (12 custodians in email and Slack), its financial accounts (QuickBooks and Wells Fargo) and its document storage facilities (Google Drive).  The responsive documents have been provided to counsel, who has produced them to Plaintiffs' counsel.  An updated privilege log has been produced.  Documents have been appropriately designated as "Confidential" or "Attorney's Eyes

1

Only."

This, of course, is what should have happened in the first instance. Because of the conduct of OmniStrat's counsel, OmniStrat now faces a motion for contempt that asks for a fulsome production in response to the OmniStrat Subpoena and a daily fine until it complies. *See* ECF No. 41-1, p. 12. Contempt is a drastic remedy, however, and, even when there is a violation of an order, imposition of contempt is discretionary. *See Morgan v. Barry*, 596 F. Supp. 897, 898 (D.D.C. 1984); *Univ. of Colo. Health at Mem. Hosp. v. Becerra*, 531 F. Supp. 3d 10, 19 (D.D.C. 2021). The purpose of civil contempt is not to punish. It is to compel compliance and to compensate for damages from noncompliance. *See Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 (D.C. Cir. 1997). With proper guidance, OmniStrat has now complied with the OmniStrat Subpoena, in less than a week. Clients should generally be able to rely on their attorneys. That trust was betrayed here. OmniStrat should not be punished by being compelled to pay for the conduct of its prior counsel.

OmniStrat is aware that Plaintiffs have served an identical subpoena upon an OmniStrat managing member, Eugene Gourevitch ("Gourevitch") and that Gourevitch's objections are pending in federal court in Florida. Despite not asking for Gourevitch's personal communications in the underlying motion to compel (*see* ECF No. 35), Plaintiffs now ask this Court to hold OmniStrat in contempt for not producing them. That position is untenable. OmniStrat cannot be held in contempt for Gourevitch's personal records, which Plaintiffs did not even previously ask for. Furthermore, OmniStrat cannot be held in contempt for Gourevitch's personal records, as those are not in his possession, custody or control. And, finally, OmniStrat cannot be permitted to circumvent Gourevitch's objections by seeking the same documents from OmniStrat.

Plaintiffs' counsel previously refused two extension requests from OmniStrat's counsel and

filed the instant Motion within hours of when OmniStrat's counsel asked to confer regarding the search parameters in relation to OmniStrat's response.  There was no impetus to rush to the Court.  The case is still pending on a motion to dismiss for jurisdictional reasons.  *See* ECF No. 30.  Given OmniStrat's course correction and compliance with the OmniStrat Subpoena, any lingering issues should be resolvable in the ordinary course of discovery rather than under the drastic remedy that is contempt.  For these reasons, as briefed in greater detail below, OmniStrat asks that the Court deny the Motion.

**BACKGROUND**

### I.    The Lawsuit

This lawsuit is currently pending on Plaintiffs' First Amended Complaint.[1]  *See* ECF No. 25.  According to the First Amended Complaint, Ulugbek Shadmanov ("Shadmanov") and his entity, United Cement Group PLC ("UCG"), enlisted Defendants in his "campaign" against Mkrtchyan.  *See* ECF No. 25, ¶¶ 1–2.  As pled, as part of this campaign, Defendants allegedly sent letters concerning Plaintiffs to Uzbekistani diplomats on August 16 and 23, 2024.  *See* ECF No. 25, ¶¶ 83, 105.  Plaintiffs further allege that Defendants caused articles to be published concerning Plaintiffs on October 19, 2024 and January 19, 2025.  ECF No. 25, ¶¶ 117, 121.  Allegedly, Payne was still providing at least one reporter with further information about Mkrtchyan on January 27 and February 3, 2025.  *See* ECF No. 25, ¶¶ 124–125.

### II.    OmniStrat

OmniStrat is a privately held strategic-advisory firm that was formed as a Delaware limited liability company on February 10, 2025.  OmniStrat "is managed by three members: [] Gourevitch,

---

[1] Payne has answered the First Amended Complaint.  *See* ECF No. 29.  Fleming and Straife have moved to dismiss.  *See* ECF No. 30.  The motion to dismiss remains pending.

3

Artur Khaldarov, and Farhad Satarov[, a]ll [of whom] share control and decision-making authority." ECF No. 35-5, p. 3 § 5(i).

One of OmniStrat's clients is Shadmanov (the alleged mastermind behind Defendants' alleged misconduct). *See* ECF No. 35-5, p. 4, § 7. On August 4, 2025, OmniStrat "entered into a written Consulting Services Agreement with United Cement Group PLC, acting on behalf of . . . Shadmanov." ECF No. 35-5, p. 20, § 8. Pursuant to that agreement, OmniStrat agreed to "provide strategic services in the United States" relating to "securing the release of [] Shadmanov from unlawful detention in the Republic of Uzbekistan." ECF No. 35-5, p. 26 § 1.1. If Shadmanov is released, UCG agreed to pay $500,000.00. *See* ECF No. 35-5, p. 26 § 2.1.

On February 23, 2026, Gourevitch posted a YouTube video. *See* ECF No. 35-6.[2] Therein, Gourevitch discusses OmniStrat "buil[ding] a paper trail that exposed [a] plot" against Shadmanov and observes that OmniStrat "worked with . . . media outlets, one of which published a major exposé in February 2025." ECF No. 35-6, p. 9:24–10:6. Gourevitch also mentions that OmniStrat "engaged former U.S. officials" and "held a high-profile press conference in September of 2025." ECF No. 35-6, p. 10:4–6. There is no mention of either Plaintiff in the video.

### III.    The Issuance of the OmniStrat Subpoena

On March 24, 2026, Plaintiffs' counsel issued a subpoena duces tecum ("OmniStrat Subpoena") to OmniStrat. *See* ECF No. 35-3. The Subpoena was served that same day. *See* ECF No. 35-2. Objections were due April 7, 2026 and any unobjected-to production was due April 15, 2026. *See* ECF No. 35-3, p. 2; *see also* Fed. R. Civ. P. 45(d)(2)(B). OmniStrat did not serve objections on or before April 7, 2026 and it did not produce documents on or before April 15, 2026.

---

[2] OmniStrat's citation to this exhibit is not intended to affirm that the contents are true and correct. However, in the absence of an alternative transcript, for purposes of this opposition only, OmniStrat relies upon the transcript provided by Plaintiffs.

## IV.    OmniStrat Retains Counsel

According to Richard Preston ("Preston"), "[o]n April 10, 2026, The Law Office of Hector Hernandez [("Hernandez")] was engaged to assist in preparing a response to the Subpoena." ECF No. 43, ¶ 5. On April 17, 2026, OmniStrat reached out to Hernandez to confirm whether a response to the subpoena had occurred.[3] Based on the record available to the undersigned, it does not appear that Hernandez ever responded to this email.

According to Plaintiffs' counsel, on April 17, 2026 (*i.e.*, two days after the production was due) Keith Silverstein ("Silverstein") contacted Plaintiffs' counsel. *See* ECF No. 35-1, p. 14. Apparently, efforts to confer on April 21, 2026 were unsuccessful. *See* ECF No. 35-1, p. 14. On April 20, 2026, Preston made his first contact with OmniStrat, apparently at the request of Hernandez. On April 23, 2026, Preston left a voicemail with Plaintiffs' counsel. *See* ECF No. 35-1, p. 14; ECF No. 43, ¶ 6.

A week later, on April 30, 2026, Plaintiffs' counsel returned Preston's call, and Preston apparently advised OmniStrat was searching for responsive documents and that he would check in during the next week. *See* ECF No. 43-1, ¶ 7; *see also* ECF No. 41-4 ("As discussed in our call . . ."). On May 8, 2026, Plaintiffs' counsel emailed for a status update. *See* ECF No. 41-4, p. 7. On May 8, 2026, Preston emailed Plaintiffs' counsel to advise that "Silverstein is handling the matter." ECF No. 41-4, p. 8. That same day, Plaintiffs' counsel emailed Silverstein asking Silverstein to call him. ECF No. 41-4, p. 7.

## V.    Plaintiffs Move to Compel a Response to the OmniStrat Subpoena

---

[3] OmniStrat is providing only information about communications that would be contained in a privilege log. By referencing these communications OmniStrat does not waive, nor does it intend to waive attorney-client privilege. As necessary, OmniStrat is willing to provide the communications alluded to for *in camera* review.

Apparently without a response, on May 16, 2026, Plaintiffs filed a Motion to Compel Production of Documents from Non-Party OmniStrat ("Motion to Compel").  *See* ECF No. 35. The Motion to Compel asked for "[d]ocuments in OmniStrat's possession."  ECF No. 35-1, p. 14; *see also* ECF No. 35-1, p. 18, 20–23 ("Request No[s. 1, 3–7] seek[] OmniStrat's documents"); ECF No. 35-1, p. 19 ("Request No. 2 seeks communications between OmniStrat and Defendants"). The filing of an opposition was discussed between OmniStrat and Hernandez.  Against the client's wishes, no opposition was ever filed.  Consequently, on June 10, 2026, the Magistrate Judge entered a Memorandum Order granting Plaintiffs' motion to compel and ordering OmniStrat to "produce to Plaintiffs documents responsive to the subpoena **within fourteen (14) days of this Order**."  ECF No. 39, p. 6 (emphasis in original).

## VI.    OmniStrat Makes a Partial Production, Plaintiffs Move for Contempt and Refuse All Extension Requests

On June 10, 2026, Plaintiffs' counsel emailed a copy of the June 10, 2026 Memorandum Order to Hernandez, Preston and Silverstein.  *See* ECF No. 41-1, p. 6.  At that time, Preston advised that he is "not personally representing OmniStrat" and only engaged in this matter "at the request of [] Hernandez."  ECF No. 41-4, p. 6.

The Court-ordered deadline to produce documents was June 24, 2026.  *See* ECF No. 39, p. 6.  OmniStrat uploaded responsive materials to a Google Drive on or before June 20, 2026.  That Google Drive was shared with Hernandez, Preston and Silverstein on June 20, 2026.  No production was made on or before June 24, 2026.  Apparently, Plaintiffs' counsel called Preston on June 25, 2026, at which time Preston advised that OmniStrat "encountered a technical issue with the production and will deliver it by tomorrow."  ECF No. 41-4, p. 5; *see also* ECF No. 43, ¶ 10 ("production glitch").  Plaintiffs' counsel refused to "agree to an extension" because OmniStrat "did not respond to the subpoena or the motion to compel."  ECF No. 41-4, p. 5.

6

On June 26, 2026, OmniStrat served its written responses, including objections, to the OmniStrat Subpoena. *See* ECF No. 41-3. OmniStrat's written response is signed by Hernandez. *See* ECF No. 41-3. OmniStrat also produced 26 documents in PDF format. Of those documents, nearly all of them would qualify as at least "Confidential" under the Stipulated Protective Order in this case, which designation is extremely important to OmniStrat in order to protect and preserve its business interests.[4] *See* ECF No. 34, § (c). Yet, apparently no effort was made by Hernandez or Preston to review the Court's docket for a protective order, to negotiate a protective order, or to otherwise review and protect these documents from being disclosable to the general public.

On June 29, 2026, Preston emailed Plaintiffs' counsel a "draft" privilege log. *See* ECF No. 41-4, p. 22–25. On July 1, 2026, Preston provided an update on OmniStrat's continuing search. *See* ECF No. 41-4, p. 27. On July 3, 2026, Preston advised Plaintiffs' counsel that "they are working on the documents" and the Hernandez "will withdraw the Objections." ECF No. 41-4, p. 33. On July 7, 2026, Preston advised Plaintiffs' counsel that Hernandez "is confirming the final set of documents from OmniStrat." ECF No. 41-4, p. 30. On July 10, 2026, Preston advised Plaintiffs' counsel that he was "expecting OmniStrat to make a production next week" and asked Plaintiffs' counsel for his availability for a "meet and greet." ECF No. 41-4, p. 29.

In lieu of conferring, that same day, Plaintiffs' counsel filed the instant Motion. *See* ECF No. 41. On July 21, 2026, Preston emailed Plaintiffs' counsel to request a two-week extension to respond to the Motion. Plaintiffs' counsel advised: "I do not agree to an extension."

### VII.    Plaintiffs Subpoena Gourevitch

On June 12, 2026—two days after the order on Plaintiffs' Motion to Compel—Plaintiffs

---

[4] Pursuant to Section 8 of the Stipulated Protective Order, OmniStrat has now redesignated these documents via correspondence to Plaintiffs' counsel. *See* **Exhibit A**.

issued a subpoena to Gourevitch ("Gourevitch Subpoena").  *See* **Exhibit B**.  As far as the undersigned can tell, the Gourevitch Subpoena is identical to the OmniStrat Subpoena, except that it is addressed to Gourevitch.  *Compare* ECF No. 35-3; *with* Ex. B.  Gourevitch has filed a "Motion to Quash Subpoena and for Protective Order" ("Gourevitch Motion"), which is currently pending in the United States District Court for the Southern District of Florida under the case caption of *Gor Investments Limited, et al. v. Straife LLC, et al.*, Case No. 1:26-cv-24451.  It appears the Gourevitch Motion has been fully briefed, but has not been ruled upon or set for hearing.

## VIII.   OmniStrat Retains the Undersigned Counsel

On Monday, July 27, 2026, OmniStrat retained the undersigned counsel, who entered his appearance on Tuesday, July 28, 2026.  *See* ECF No. 44.  Since then, OmniStrat has done the following.  It has adopted the following search terms: "Shadmanov", "United Cement", "UCG", "Mkrtchyan", "Aripov", "Gor Investment", "Straife", "Fleming", "Payne", "Mercury", "Kucik", "Messner", "Trussevich", "Akard", "Sidikov", "Mirziyoyev", "Embassy", "ICIJ", "Rowley", "London Post", "Radha Stirling", and "Ozodlik" (collectively, "Search Terms").  *See* **Exhibit C**, ¶ 15.  Applying a date range of January 1, 2023 to present, OmniStrat has conducted searches of all twelve of its email custodians, all twelve of its Google Workspace accounts, all of its Slack channels, its QuickBooks account, and its Wells Fargo account.  *See* Ex. C, ¶¶ 17–21.

OmniStrat also does not have possession or custody of Gourevitch's personal accounts or devices.  OmniStrat has asked Gourevitch for any communications or documents made or kept on personal accounts that were created, sent or used for business purposes.  *See* Ex. C, ¶¶ 10–12.  Given the Gourevitch Subpoena and the procedural posture of the Gourevitch Motion, OmniStrat has not received any such records.  As such, such records, if any, are outside of OmniStrat's control.

The undersigned has reviewed all of the documents provided by OmniStrat.  Nonprivileged

responsive documents have been produced today, July 31, 2026.  An updated privilege log has been produced as well.  *See* **Exhibit D**.  There were two issues with the Slack messages.  Slack exports its messages in "channels," which is akin to an entire text thread.  First issue is that the export is in a ".json" file, which is a dataset that must be translated to obtain the message log.  The undersigned and its discovery vendor are working on a way to produce the native versions of the export so as to only include responsive messages but have not figured that out prior to July 31, 2026.  Accordingly, the undersigned and its discovery vendor have converted the .json files into .csv files (*i.e.*, translated the data) so that the responsive messages are produced in a legible format.  The undersigned and its discovery vendor continue to troubleshoot and upon resolving the issue, will produce natives as expeditiously as possible.

The second issue was that the Slack export did not include attachments or Google Drive documents linked in the chat.  These documents should have all been produced as part of the Google Drive production, but OmniStrat is confirming by conducting a manual search for the linked documents as well as the attachments.  To avoid any doubt, all Slack attachments and linked documents will be produced (even if previously produced).

### LEGAL STANDARD

"The court for the district where compliance is required . . .  may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it."  Fed. R. Civ. P. 45(g).  "An adjudication of contempt is a drastic remedy."  *Morgan v. Barry*, 596 F. Supp. 897, 898 (D.D.C. 1984).  "[A] civil contempt action is 'a remedial sanction used to obtain compliance with a court order or to compensate for damage sustained as a result of noncompliance.'"  *Food Lion, Inc. v. United Food & Commercial Workers Int'l Union*, 103 F.3d 1007, 1017 (D.C. Cir. 1997) (citations omitted).

"Under this rule, a party moving to hold another party in contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated the court's prior order." *Id.* (citation omitted). "Civil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous." *Broderick v. Donaldson*, 437 F.3d 1226, 1234 (D.C. Cir. 2006) (citation omitted). "Ultimately, however, whether to brand a party's noncompliance as contempt lies within a court's discretion." *Univ. of Colo. Health at Mem. Hosp. v. Becerra*, 531 F. Supp. 3d 10, 19 (D.D.C. 2021) (citation omitted); Fed. R. Civ. P. 45(g) ("The court . . . *may* hold in contempt . . ."). That is, "[c]ourts need not impose the contempt sanction for every violation." *Becerra*, 531 F. Supp. 3d at 19.

## ARGUMENT

### I.    OmniStrat Should Not Be Held In Contempt for the Actions of Its Prior Counsel

"[C]lients typically, and in most cases justifiably, rely on their attorneys to proceed with their case without needing to be reminded of important filings and appearances." *Shea v. Donohoe Constr. Co., Inc.*, 795 F.2d 1071, 1078 (D.C. Cir. 1986) (advising courts to give notice to clients before dismissing a case based upon misconduct of the client). "When the client has not personally misbehaved and his opponent in the litigation has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition." *Jackson v. Wash. Monthly Co.*, 569 F.2d 119, 123 (D.C. Cir. 1977). When the client is not at fault, the appropriate sanction is against the lawyer, not the client. *See id.* at n.24 (noting "[t]he court's disciplinary authority is available and its contempt powers may also be").

### A.    *OmniStrat's Most Grievous Fault Was Its Selection of Prior Counsel*

OmniStrat's most grievous fault was its selection of prior counsel. As Preston admits,

10

OmniStrat hired at least Hernandez[5] on April 10, 2026.  *See* ECF No. 43, ¶ 5.  Therefore, at least

Hernandez had the opportunity to communicate with Plaintiffs' counsel before the April 15, 2026

deadline.  He could have asked for an extension.  He did nothing.  The D.C. Circuit has made clear

that attorneys "have a professional obligation to be aware of" the "procedural rules."  *Ctr. for*

*Nuclear Responsibility, Inc. v. U.S. Nuclear Reg. Comm'n*, 781 F.2d 935, 942 (D.C. Cir. 1986)

(citation omitted).  The professional responsibility to help ensure a timely response to a subpoena

was apparently neglected in this instance.

Preston's position on his involvement is confounding.  In an April 30, 2026 email to

Plaintiffs' counsel with Hernandez carbon copied, he referred to OmniStrat as "our client."  ECF

No. 41-4, p. 9.  But, when emailed the June 10, 2026 Memorandum Order, Preston changed his

tune, stating: "I'm not personally representing OmniStrat."  ECF No. 41-4, p. 6.  Even then, Preston

continued to communicate with the client and with Plaintiffs' counsel about the OmniStrat

Subpoena.  *See generally* ECF No. 41-4; *see also* ECF No. 43.  And, throughout this time, Preston

was providing legal advice to OmniStrat.  At least in his own mind, Preston effectively positioned

himself to act as OmniStrat's lawyer, without any of the professional responsibility that being a

lawyer carries.  Ultimately, it is for a factfinder to determine whether an attorney-client relationship

existed between Preston and OmniStrat.  *See Teltschik v. Williams & Jensen, PLLC*, 683 F. Supp.

2d 33, 45 (D.D.C. 2010) (citation omitted).  However, given the facts at hand, including Preston

initially holding OmniStrat out as his client, it sure seems like Preston was OmniStrat's lawyer

(which is how OmniStrat viewed him).  *See also id.* (identifying the relevant factors).

On top of the "shell game" (ECF No. 41-1, p. 8) of OmniStrat's representation, when

---

[5] The professional relationship between Preston and Hernandez remains unclear to the undersigned.

OmniStrat sought confirmation as to whether any response had been made to the OmniStrat Subpoena on April 17, 2026, Hernandez never responded. When OmniStrat wanted to file a response or opposition to Plaintiffs' Motion to Compel, nothing happened. When OmniStrat wanted to protect its business interests and not make its records readily available to the public, no action was taken. Only an extension—not a substantive response—was prepared in opposition to the instant Motion. At every step of the way, OmniStrat's prior counsel failed it and did not follow the course desired by the client. To the extent this Court is inclined to impose monetary sanctions, OmniStrat should not have to foot the bill for the conduct (or inaction) of its counsel.

**B.**    ***OmniStrat Has Substantially Complied With Its Obligations in Response to the OmniStrat Subpoena***

Since retaining the undersigned, OmniStrat has taken corrective action and it has done so with the utmost expedition. Where it had previously only searched one email custodian (Gourevitch), it has now searched all of its record custodians as well as all other forms of corporate communication. *See* Ex. C, ¶¶ 17, 21. It has also conducted a search of its entire Google Drive, where corporate records are maintained. *See* Ex. C, ¶ 18. A true privilege log has been produced. *See* Ex. D. These are undoubtedly all steps that should have been taken (or at least initiated) back in April 2026. Had OmniStrat been advised to take these steps, it would have done so. OmniStrat's conduct this past week reflects that, with due instruction, it can meaningfully respond to the OmniStrat Subpoena. This weighs heavily in favor of not sanctioning OmniStrat or finding it in contempt.

At this point, OmniStrat has substantially complied with the OmniStrat Subpoena and other than the minor issues that OmniStrat is actively working to resolve, there is nothing further to compel. D.C. federal courts recognize that one can "justify its failure to comply with the court's order by establishing either an inability to comply with the order or good faith substantial

compliance with the order." *Walker v. Ctr. for Food Safety*, 667 F. Supp. 2d 133, 136–137 (D.D.C. 2009) (citation omitted). "The defendant must demonstrate an inability to comply 'categorically and in detail.'" *Id.* (citation omitted). "To prove good faith substantial compliance, a party must demonstrate that it 'took all reasonable steps within its power to comply with the court's order.'" *Id.* (citation omitted).

Here, OmniStrat has done everything within its power to bring itself in compliance with the OmniStrat subpoena. The Motion should be denied.

## II.    OmniStrat Should Not Be Held in Contempt for Not Producing Gourevitch's Personal Records, Which Are the Subject of Another Subpoena

Plaintiffs want this Court to hold OmniStrat in contempt for not producing documents in the personal custody and control of Gourevitch. *See* ECF No. 41-1, p. 15. There are several reasons why this is not a plausible grounds for contempt.

### A.    *Gourevitch's Personal Records Are Not in OmniStrat's Possession, Custody or Control*

Firstly, Gourevitch's personal records are not within OmniStrat's possession, custody or control. "Control is the test with regard to the production of documents and is defined not only as possession, but as the legal right to obtain the documents on demand." *In re Barnwell Enters. Ltd.*, 265 F. Supp. 3d 1, 16 (D.D.C. 2017) (citation omitted). "It 'does not require that the party have legal ownership or actual physical possession of the documents at issue, but rather "the right, authority, or practical ability to obtain the documents from a non-party to the action.""" *Id.*

OmniStrat has requested Gourevitch's personal records, but he has not provided them. Given the Gourevitch Subpoena and Gourevitch's objections in the Gourevitch Motion he has not provided any responsive documents (to the extent they exist).[6] Therefore, OmniStrat does not

---

[6] There is probably a practical reason for this. Gourevitch had a professional relationship with Shadmanov outside of OmniStrat. If OmniStrat produces "all" of Gourevitch's personal records

have the "practical ability" to obtain the documents.  Given that Gourevitch's personal records are not within OmniStrat's possession, custody or control, OmniStrat should not be held in contempt for not producing them.

> **B.**        *The June 10, 2026 Memorandum Order Does Not Clearly and Unambiguously Order Production of Gourevitch's Personal Records*

Secondly, "[c]ivil contempt will lie only if the putative contemnor has violated an order that is clear and unambiguous." *Broderick*, 437 F.3d at 1234 (citation omitted).  That is, "the order [must] clearly and unambiguously required certain conduct." *Chen v. F.B.I.*, 721 F. Supp. 3d 1, 8 (D.D.C. 2024) (citation omitted).

Here, there is no clear and unambiguous directive to produce documents in Gourevitch's personal custody.  *See* ECF No. 39.  Rather, the June 10, 2026 Memorandum Opinion makes the more general directive for OmniStrat to "produce to Plaintiff documents responsive to the subpoena," without specificity as to which documents.  ECF No. 39.

As Plaintiffs' Motion admits, the only way to reach the conclusion that OmniStrat is in contempt for not producing Gourevitch's personal records is by knowing and "[a]pplying [legal] principals." ECF No. 41-1, p. 15.  As courts regularly hold, unless the parties can "'ascertain from the four corners of the order precisely what acts are forbidden [or required],' the order cannot form the basis for contempt." *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 143 (2d Cir. 2014) (citation omitted).  Where a party has to conduct legal research in order to ascertain the full scope of its obligations, there is not a clear and unambiguous directive.

To that point, Plaintiffs' underlying Motion to Compel made *zero* mention of Gourevitch's personal documents.  *See* ECF No. 35-1, p. 14 ("[d]ocuments in OmniStrat's possession"); ECF

---

and is therefore the "custodian" of the records, it would seem as though Gourevitch's non-OmniStrat affairs with Shadmanov are also those of OmniStrat, which would be incorrect.

No. 35-1, p. 18, 20–23 ("Request No[s. 1, 3–7] seek[] OmniStrat's documents"); ECF No. 35-1, p. 19 ("Request No. 2 seeks communications between OmniStrat and Defendants").  Plaintiffs never clearly and unambiguously asked for Gourevitch's personal communications via the OmniStrat Subpoena, which is directed to the company.

### C.    *Plaintiffs Cannot Circumvent Gourevitch's Objections to the Gourevitch Subpoena by Seeking the Same Exact Documents Through the OmniStrat Subpoena*

Furthermore, Plaintiffs served an identical subpoena upon Gourevitch, personally.  *Compare* ECF No. 35-3; *with* Ex. B.  Either the Gourevitch Subpoena is "unreasonably [] duplicative" or Plaintiffs agree with OmniStrat that there is a distinction between OmniStrat the entity and Gourevitch the individual.  Fed. R. Civ. P. 26(b)(2)(C)(i).  That is, as Plaintiffs' Motion reflects, if they truly believed that Gourevitch's personal records are procurable from OmniStrat and that this Court can hold Gourevitch, personally, in contempt, then there is absolutely no reason for them to issue the subpoena upon Gourevitch unless Plaintiffs do not believe their own argument or they are intentionally duplicating proceedings.

Plaintiffs voluntarily chose to issue the Gourevitch Subpoena.  As is his right, Gourevitch objected to the Gourevitch Subpoena.  It was only after Gourevitch objected to the Gourevitch Subpoena that Plaintiffs raised the contention that Gourevitch should have to personally comply with the OmniStrat Subpoena.

However, now that their subpoena to Gourevitch was met with objection, it would appear that Plaintiffs are trying to circumvent Gourevitch's objections by using the OmniStrat Subpoena to procure his personal records without opportunity for his objections to be heard.[7]

---

[7] Contrary to what Plaintiffs assert, this Court did not rule that OmniStrat waived its objections. ECF No. 41, p. 1.  In the June 10, 2026 Memorandum Order, the Magistrate Judge wrote that "the Court could hold that OmniStrat waived any objections to the subpoena" and that, by not opposing the Motion to Compel, "OmniStrat essentially forfeited twice over any objections it might have

15

**CONCLUSION**

Based upon the foregoing, OmniStrat asks that this Court deny the Motion, and for such other and further relief as justice and equity may allow.

Dated: July 29, 2026          Respectfully submitted,

By:    */s/ Richard G. Cole III*
        Richard G. Cole III, Esq.
        Bar No. VA09312
        **ARMSTRONG TEASDALE LLP**
        355 Alhambra Circle, Suite 1200
        Coral Gables, FL 33134
        Tel:    786.822.3707
        Fax:    305.675.3605
        rcole@atllp.com
        miamiefiling@atllp.com

        *Attorney for non-party OmniStrat Group, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2026, a true and correct copy of the above document was provided to all counsel of record through the Court's ECF system.

        */s/ Richard G. Cole III*

---

asserted in resisting the subpoena." ECF No. 39, p. 5. However, the Magistrate Judge expressly "set[] aside the questions or waiver or concession" in deciding to grant the Motion to Compel. ECF No. 39, p. 5–6.

16